

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 30, 1966

Mr. Eldon Jeffreys
Executive Secretary
State Board of Barber Examiners
512 Sam Houston Building
Austin, Texas

Opinion No. C- 640

Re: When a barber school
changes ownership,
necessitating the
drawing up of a new
contract, whether the
new owner can be
required to bring the
school up to the
requirements as
outlined in Section 9,
H.B. 829, Acts 57th
Legislature, 1961,
and related question.

Dear Sir:

We are in receipt of your letter requesting an opinion on the questions as hereinafter set out. The pertinent portions of your letter read as follows:

"When a barber school changes ownership, necessitating drawing up of a new contract and issuance of a new license, can the new owner be required to bring the school up to the requirements as outlined in Section #9, H.B. 829?

"If a barber school changes locations, with or without a change of ownership, must it meet all requirements of Section #9, H.B. 829 in the new location?"

Section 9, H.B. 829, Acts 57th Leg., 1961, has been codified as Section 9, Article 734a, Vernon's Penal Code, and provides, in part, as follows:

"Sec. 9. (a) Any firm, corporation, partnership or person desiring to conduct or operate a barber school or college in this State shall first obtain a permit from the State Board of Barber Examiners after demonstrating that said school or college

-3105-

has first met the requirements of this Section. . . .

" . . .

"(c) No barber school or college which issues 'Class A' certificates shall be approved by the Board for the issuance of a permit unless said school or college has the following:

"(1) An adequate school site housed in a substantial building of a permanent-type construction containing a minimum of not less than two thousand, eight hundred (2,800) square feet of floor space. Such space shall be divided into the following separate departments: a senior department, a junior department, a class theory room, a supply room, an office space, a dressing and cloak room, and two (2) sanitary, modern separate rest rooms, equipped with one (1) commode each and a urinal in one (1) rest room.

"(2) A hard-surface floor covering of tile or other suitable material.

"(3) A minimum of twenty (20) modern barber chairs with cabinet and mirror for each chair.

"(4) One (1) lavatory in back of each two (2) chairs.

"(5) A liquid sterilizer for each chair.

"(6) An adequate number of latherizers, vibrators, and hair dryers for the use of students.

"(7) Adequate lighting of all rooms.

"(8) At least twenty (20) classroom chairs, a blackboard, anatomical charts of the head, neck and face, and one (1) barber chair in the class theory room.

"(9) A library and library facilities available to students, containing a medical dictionary and a standard work on the human anatomy.

"(10) Adequate drinking fountain facilities, but at least one (1) to each floor.

"(11) Adequate toilet facilities for the students.

"(12) Adequate fire-fighting equipment to be maintained in case of emergency.

". . .

"(h) No barber school or college shall be issued a permit to operate under the provisions of this Section until it has first furnished the following evidence to the Board:

". . .

"(7) An application fee of Two Hundred Dollars ($200).

". . . Any such school or college must obtain renewal of its certificate by September 1st each year by the payment of an annual renewal fee of One Hundred Dollars ($100).

"(i) When a barber school or college changes ownership, the Board shall be notified of the transfer within ten (10) days from the date of such change.

"(j) Any school or college desiring to change the location of such school or college must first obtain approval by the Board by showing that the proposed location meets the requirements of this Section.

"(k) If said Board refuses to issue a permit to any such school or college, such school or college may by written request demand the reasons for said refusal and if said school or college shall thereupon meet said requirements and makes a showing that the requirements of this law have been complied with, then if said Board refuses to issue said permit, a suit may be instituted by such school or college in any of the District Courts of Travis County, Texas, to require said Board to issue such permit.

Any such suit must be filed within twenty (20) days after the final order of said Board refusing to issue such permit is entered, provided registered notice is mailed or it is otherwise shown that said school or college has notice within ten (10) days from the entering or making of said order.

"(1) In the event such school or college after a permit is issued to it violates any of the requirements of this law, either directly or indirectly, then said Board shall suspend or revoke the permit of any such school or college. Before suspending or revoking any such permit, said Board must give such school or college a hearing, notice of which hearing shall be delivered to such school or college at least twenty (20) days prior to the date of said hearing. If said Board suspends or revokes said permit at said hearing, then such school or college may file suit to prevent the same or to appeal from said order. Any and all suits filed hereunder shall be filed within twenty (20) days from the date of the order of said Board in any of the District Courts of Travis County, Texas, and not elsewhere, and the order shall not become effective until said twenty (20) days has expired."

It is noted in Paragraph (1) of Section 9, that the Board has the authority to suspend or revoke the permit of any school or college if it violates any of the requirements of this law, either directly or indirectly, after a due hearing before said Board. This authority to suspend or revoke the permit applies both before and after a change in ownership.

In reviewing Sections 9, 20 and 27 of House Bill No. 104, Chapter 65, Acts of the 41st Legislature, First Called Session, as amended, it was noted that there were no provisions providing for the standards which have been set up in Section 9, Paragraph (c) and Sub-paragraphs (1-12) inclusive, of House Bill No. 829, Acts 57th Legislature, 1961, and the provisions setting up the standards for buildings and equipment of the barber schools or colleges is a new part of the act.

We are of the opinion from a reading of Paragraph (1) of Section 9, Article 734a, Vernon's Penal Code, that the language used is plain and unambiguous in its meaning and in such case the law will be applied and enforced as it reads,

regardless of policy, fairness or justice of its effects. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916); Vaughan v. Southwestern Surety Insurance Co., 109 Tex. 298, 206 S.W. 920 (1918); Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920); Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952).

Therefore, under the provisions of Paragraph (i), supra, when a barber school changes ownership, the new owner is not required to bring the school up to the requirements as outlined in Paragraph (c), Sub-paragraphs (1-12) supra, and the only requirement concerning the transfer is notification to the Board that the transfer had been made within the period of time as set out in such statute, whereby the Board would be apprised of the name of the new owner.

Your second question concerns the following fact situation:

"If a barber school changes location, with or without change of ownership, must it meet all requirements of Section #9, H.B. 829 in the new location?"

We are of the opinion that from reading Paragraph (j) of Article 734a, Vernon's Penal Code, that the school or college must obtain approval by the Board by showing that the proposed location meets the requirements of Section 9.

## SUMMARY

1. Pursuant to the provisions of Paragraph (i) of Section 9 of Article 734a, Vernon's Penal Code, if a barber school or college changes ownership, the new owner cannot be required to bring the school up to the standards as set out in Paragraph (c), Sub-paragraphs (1) through (12), inclusive, of Article 734a, Vernon's Penal Code. However, by virtue of Paragraph (1) of Section 9, the Board has the authority to revoke or suspend the permit, if the school violates the requirements of said section.

2. Pursuant to the provisions of Paragraph (j) of Section 9 of Article 734a, Vernon's Penal Code, a barber school or college changing to a new location must obtain approval of the Board of the building and equipment located therein.

Mr. Eldon Jeffreys, page 6 (C-640)

Yours very truly,

WAGGONER CARR
Attorney General

By: John H. Banks
Assistant

JHB:ra:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Phillip Crawford
Mario Obledo
James Broadhurst

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright